UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER MICHAEL
MACFARLAND,

          Petitioner,

    v.

JAMES HILL,

          Respondent.

Case No. 25-cv-05097-JST

**ORDER DISCHARGING ATTORNEY
ZIVOT; REQUIRING RESPONSE
FROM PETITIONER**

Petitioner Christopher Michael MacFarland, a state prisoner currently housed at the Richard J. Donovan Correctional Facility in San Diego County, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction from Del Norte County Superior Court. Dkt. No. 1. For the reasons set forth below, the Court DISCHARGES Attorney Zivot from her representation of Petitioner and ORDERS Petitioner to inform the Court how he would like to proceed in this action.

**DISCUSSION**

**I.    Procedural Background**

This action was commenced on June 12, 2025 when attorney Michael Hayden filed the instant federal habeas petition on behalf of Petitioner. ECF No. 1. The petition lists Attorney Hayden and Tamara Zivot as Petitioner's attorneys. ECF No. 1 at 1, 20-22. The petition identifies Attorney Hayden and Attorney Zivot as working for Unite the People, Inc., in Long Beach, California. ECF No. 1 at 1.

On August 20, 2025, the Court ordered Respondent to show cause why a writ of habeas corpus should not be issued, and also noted that the petition appeared to be untimely. ECF No. 4.

On August 23, 2025, Attorney Hayden filed a motion to withdraw as Petitioner's attorney,

United States District Court
Northern District of California

stating that Petitioner had retained Unite the People, Inc. to represent him; that Attorney Hayden was no longer employed by Unite the People, Inc.; that as the retained entity, Unite the People Inc. has a duty to secure new local counsel to represent Petitioner or to allow Petitioner to seek other representation; and that neither Unite the People, Inc. nor Petitioner opposed Attorney Hayden's motion to withdraw.  ECF No. 5.

On September 23, 2025, the Court held a case management conference.  Attorney Hayden appeared at the conference, but Attorney Zivot did not. ECF No. 15.

On October 30, 2025, the Court granted Attorney Hayden's request to withdraw as counsel because it appeared that Petitioner was also represented by Attorney Zivot, who had not moved to withdraw.  ECF No. 17.  In the same order, the Court stated that it expected Attorney Zivot's attendance at the November 18, 2025 status conference.  ECF No. 17 at 2.  Before the Court granted Attorney Hayden's motion to withdraw, the Court updated Attorney Zivot's mailing address to match the address listed on the California State Bar website and updated her email address to one publicly available on the internet.  The Court mailed and emailed its October 30, 2025 Order to Attorney Zivot at these postal mail and email addresses.

Attorney Zivot did not appear at the November 18, 2025 status conference.  ECF No. 18.

On November 20, 2025, the Court issued an order requiring Attorney Zivot to show cause by December 11, 2025 as to why monetary sanctions should not be imposed against her for her failure to appear at the case management conference held on November 18, 2025.  ECF No. 19. The Court scheduled a hearing on the order to show cause for January 20, 2026.  *Id*.

Attorney Zivot did not appear at the January 20, 2026 status conference.  ECF No. 20.

Attorney Zivot has not responded to the Court's orders or communicated with the Court at any time.

## II.     Discussion

Attorney Zivot has failed to respond to the Court's orders, and the Court has been unable to reach Attorney Zivot.  Attorney Zivot's failure to respond has stalled this case and she has effectively terminated her representation of Petitioner.  In the interests of justice, the Court exercises its inherent power to manage its courtroom and *sua sponte* DISCHARGES Attorney

2

Zivot from her representation of Petitioner. *Cf. F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").

Petitioner is advised that, with this discharge, Attorney Zivot has effectively withdrawn from representing him. By February 27, 2026, Petitioner should advise the Court how he wishes to proceed. Petitioner can seek substitute counsel; or Petitioner can proceed *pro se* (i.e., on his own, without counsel); or Petitioner can request that this case be dismissed. Failure to communicate with the Court by the deadline set forth in this order may result in dismissal of this action without prejudice for failure to prosecute or for failure to comply with a court order without further notice to Petitioner.

If Petitioner believes that any of United the People, Inc., Attorney Hayden, or Attorney Zivot has provided unprofessional or unethical representation, he may file a complaint with the State Bar of California at https://apps.calbar.ca.gov/complaint/.

### CONCLUSION

For the reasons set forth below, the Court orders as follows.

1. The Court DISCHARGES Attorney Zivot from her representation of Petitioner.

2. By February 27, 2026, Petitioner should advise the Court how he wishes to proceed. Petitioner can seek substitute counsel; Petitioner can proceed *pro se* (i.e., on his own, without counsel); and Petitioner can request that this case be dismissed.

**IT IS SO ORDERED.**

Dated: January 23, 2026



JON S. TIGAR
United States District Judge