UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER MICHAEL
MACFARLAND,

Petitioner,

v.

JAMES HILL,

Respondent.

Case No. 25-cv-05097-JST

**ORDER TO SHOW CAUSE**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from Del Norte County Superior Court. ECF No. 1. In this order, the Court finds that Petitioner is proceeding *pro se* in this action; ORDERS Respondent to show cause why a petition for a writ of habeas corpus should not be issued; and SETS a briefing schedule.

**BACKGROUND**

At the time Petitioner commenced this action, he was represented by attorneys Hayden and Zivot. ECF No. 1. On October 30, 2025, the Court granted attorney Hayden's request to withdraw as counsel for Petitioner, ECF No. 17; and on January 23, 2026, the Court discharged Attorney Zivot from her representation of Petitioner. ECF No. 20. The Court ordered Petitioner to inform the Court whether he wishes to (1) proceed in this action *pro se*, meaning that he prosecutes this action by himself; (2) proceed in this action with counsel, in which case counsel must file a notice of appearance; or (3) dismiss this action. ECF Nos. 21, 22, 24. Petitioner informed the Court that he wishes to proceed in this action with counsel, and that he is represented by Michael Hanagan. ECF Nos. 23, 25. However, Attorney Hanagan has not filed a notice of

appearance[1] on behalf of Petitioner in this action, has not communicated with this Court, and has not otherwise indicated to the Court that he is representing Petitioner in this action. Because Attorney Hanagan has not filed a notice of appearance in this action, Petitioner remains unrepresented.

The Court understands that Petitioner believes that Unite the People is providing him with legal representation. However, none of the attorneys referred to Petitioner by Unite the People have indicated an interest in representing Petitioner. Attorney Hayden withdrew from his representation of Petitioner, and neither Attorney Zivot nor Attorney Hanagan filed a notice of appearance in this action, despite the Court's efforts to reach them. With respect to Attorney Zivot and Attorney Hanagan, these attorneys appear to be unaware that they are, or were, representing Petitioner in this action. The Court urges Petitioner to speak directly with any attorney whom he believes represents him, and clarify the nature and scope of the representation.

As Petitioner has indicated that he wishes to proceed with this action, the Court ORDERS as follows.

1.      Until such time as counsel enters an appearance on Petitioner's behalf, Petitioner is proceeding *pro se* in this action, meaning he is not being represented by counsel in this action. Petitioner should familiarize himself both with the rules governing habeas petitions and the court's local rules (https://cand.uscourts.gov/rules-forms-fees/local-rules and https://cand.uscourts.gov/rules-forms-fees/local-rules/habeas-corpus-local-rules). *Pro se* parties must abide by the rules of the court in which they litigate. *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986).

2.      Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

United States District Court
Northern District of California

---

[1] A notice of appearance is a pleading filed by an attorney whereby the attorney informs the Court and opposing party that they are representing a party in this case and that they agree to accept service of pleadings and court orders on behalf of their client. The Court's local rules require an attorney to file a notice of appearance in order to join a case. N.D. Cal. L.R. 5-1(c)(2). A party's statement that he or she is represented by a specific attorney does not constitute a notice of appearance.

2

Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3.      Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.[2]  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6.      The Clerk is directed to send a courtesy copy of this letter to Unite the People, Inc., 555 E. Ocean Blvd., Ste. 205, Long Beach, CA 90802, attn: Michael Hanagan.

**IT IS SO ORDERED.**

Dated:  May 7, 2026

_____
JON S. TIGAR
United States District Judge

---

[2] In the Court's August 20, 2025 Order, the Court noted that the procedural history described in the petition raised questions about this petition's timeliness.  Specifically, it appears that the one-year limitations period set forth in 28 U.S.C. § 2244 expired in December 2024, and this petition was not filed until June 2025.  ECF No. 4 at 1-2.

United States District Court
Northern District of California